IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSÉ MONTALBAN, :
:
    Plaintiff :
: CIVIL NO. 1:CV-17-0212
vs. :
: (Judge Caldwell)
MR. POWELL, *et al.*, :
:
    Defendants :

*M E M O R A N D U M*

*I.	Introduction*

The pro se plaintiff, José Montalban, filed this civil rights action in February 2017 concerning events that transpired while he was housed at USP Canaan. Montalban then filed an Amended Complaint. On May 23, 2017, we directed service of the Amended Complaint on the named Defendants. (ECF No. 22). Presently before the court are Montalban's two motions to supplement the Amended Complaint (ECF Nos. 27 and 28) and a request for service forms. (ECF No. 29). For the reasons that follow the motions to supplement will be granted in part and denied in part. The motion for service forms will be deemed moot as the court will direct service of the Amended Complaint on the recently identified John Doe Defendants from USP Canaan.

*II. Standard of Review*

The filing of an Amended Complaint is governed by Fed. R. Civ. P. 15(a):

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

*III. Discussion*

Montalban's first motion (ECF No. 27) to supplement the Amended Complaint will be denied. As Montalban has already amended his pleading once as a matter of right, further amendment is only permitted with the consent of the defendants or leave of court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but we decline to do so here. Upon reviewing the documents submitted in connection with Montalban's first motion to supplement, we note that they range from documentary evidence of events that post-date the filing of his Amended Complaint (more suitable for submission at the summary judgment stage in this matter) to pages of more detailed allegations concerning the alleged assault of Montalban by previously identified

Defendants. Thus, simply adding the submitted documents would chaotically alter the existing allegations of the Amended Complaint. While we will deny this motion to supplement, we do so without prejudice to Montalban's submitting these documents at summary judgment.

The second motion (ECF No. 28) to supplement identifies the John Doe Defendants listed in his Amended Complaint as well as provides documentary evidence in support of his injuries and treatment. As noted above, the documentary evidence submitted is more appropriately submitted during summary judgment in support of his claims and adds little to the Amended Complaint. Thus, he will not be permitted to supplement his Amended Complaint with this material.

We note that Montalban's second motion identifies "Guillard, FNU" and "Snee, FNU" as USP Canaan Corrections Officers who assaulted him in the infirmary. He also identifies "Schultz, FNU" as the Lieutenant in the "R.D." in July 2014 who allegedly confiscated or lost his legal materials following his July 2014 criminal trial. Accordingly, these individuals will be added as Defendants and served with the Amended Complaint. Based on this decision, Montalban's motion (ECF No. 29) for service forms will be deemed moot.

We will issue an appropriate order.

                                          /s/ William W. Caldwell
                                          William W. Caldwell
                                          United States District Judge

Date: July 13, 2017