IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE MONTALBAN, :
:
    Plaintiff :
: CIVIL ACTION NO. 1:CV-17-0212
  v. :
: (Judge Caldwell)
MR. POWELL, *et al.,* :
:
    Defendants :

*M E M O R A N D U M*

I.   *Introduction*

    Pursuant to Fed. R. Civ. P. 65, Plaintiff has filed a motion for injunctive relief prohibiting prison officials from interfering with his legal mail. The motion follows the confiscation of a single piece of his legal mail on July 12, 2017, at USP-Coleman.

    For the reasons that follow, the motion will be denied.

II.   *Background*

    Montalban, while housed at USP-Coleman, in Coleman, Florida, filed this civil rights action, making an excessive force claim. The claim arises from an incident that occurred in December 2012 while he was housed at USP-Canaan, in Waymart, Pennsylvania, after Plaintiff assaulted a staff member. He also claims he was denied proper medical and mental health care after he was assaulted by staff and that USP-Canaan staff confiscated, lost or destroyed some of his legal materials

in July 2014 after he was transferred to federal court to face criminal charges stemming from the December 2012 event. (ECF No. 24, Am. Compl.)

III. *Discussion*

Inmate pro se pleadings which seek extraordinary, or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure. "To obtain a preliminary injunction the moving party must show as a prerequisite (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted . . . In addition, the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (internal alterations and citation omitted).

In his motion, Montalban seeks an order against USP-Coleman officials prohibiting them from tampering with his legal and personal mail following a July 12, 2017, incident where a piece of legal mail was "confiscated" by a USP-Coleman Corrections Officer (CO) Howell. CO Howell is not a defendant in this action but is a named defendant in Montalban's pending action before the United States District Court for the Middle District of Florida, Ocala Division. (ECF No. 38). The Third Circuit has held that "there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball v.*

*Famiglio*, 396, F. App'x 836, 837 (3d Cir. 2010) (per curiam) (interal quotation marks omitted). A court cannot grant an injunction when the issues raised are "entirely unrelated to the relief [Plaintiff] sought in his complaint." *Kloss v. Albion SCI*, C.A. No. 17-1478, 2017 WL 3912494, at *1 (Jun. 5, 2017).

      Based on these cases, it is clear that this Court lacks the authority to grant Montalban's requested relief as it is not connected to any of the issues raised in this case. The alleged deprivation of his legal materials occurred at USP-Coleman, not USP-Canaan. And none of the Defendants in *this* action, who are located at USP-Canaan, are alleged to have confiscated his legal mail on July 12, 2017. Accordingly, his motion for injunctive relief will be denied.

      /s/ William W. Caldwell
      William W. Caldwell
      United States District Judge

Date: October 31, 2017