# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSÉ MONTALBAN, | : | No. 1:17cv212 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| MR. POWEL, et al., | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# **M E M O R A N D U M**

Before the Court is Plaintiff Montalban's motion for reconsideration (Doc. 72) of the Court's January 15, 2019 Order (Doc. 68) granting defendants' motion for summary judgment. The motion is ripe for disposition.

For the reasons set forth below, the Court will deny Plaintiff's motion for reconsideration. Montalban's remaining motions will be dismissed as moot.

## I.    Background

José Montalban, a federal inmate formerly housed at Canaan United States Penitentiary ("USP Canaan"), filed a Bivens[1] action alleging he was subjected to excessive use of force and denied medical care following a December 28, 2012 assault by staff. Shortly thereafter, Montalban was transferred to the Lackawanna County Prison in

---

[1] See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

Scranton, Pennsylvania to stand trial for assault of a corrections officer. At some point, the criminal court sought an opinion regarding Montalban's competency and he was transferred to the Metropolitan Correctional Center ("MCC") in Chicago, Illinois. (Doc. 50-3.) Upon the completion of his criminal trial in July 2014, Montalban returned to USP Canaan. He claims that upon reception, Officer Schultz confiscated, lost or destroyed legal materials related to his criminal trial. On July 17, 2014, Montalban was transferred to USP Coleman I, in Florida.

Montalban filed his Complaint on January 27, 2017, and an Amended Complaint on April 14, 2017. (Docs. 1 and 24). On November 16, 2017, Defendants filed a properly supported motion to dismiss or, in the alternative, for summary judgment. (Doc. 44). In January 2018, Plaintiff filed over 250 pages of exhibits in support of his opposition brief (Doc. 50), and an additional 53-page response in February 2018 (Doc. 55). After Defendants' filed a reply brief (Doc. 58), Montalban filed an unauthorized sur reply brief including an additional 200 pages of exhibits. (Doc. 63). On May 9, 2018, Montalban filed additional "newly evidence, unavailable before" exhibits in opposition to Defendants' potentially dispositive motion. (Doc. 64). Montalban, however, did not file a response to Defendants' statement of facts as required by Pa. M.D. Local Rule 56.1.

On January 15, 2019, the Court, relying on the record, granted Defendants' motion for summary judgment after determining Montalban's claims were time-barred. See Montalban v. Powel, No. 1:17CV212, 2019 WL 194372 (M.D. Pa. Jan. 15, 2019).

On February 11, 2019, Montalban filed a 56-page motion for reconsideration of the Court's January 15, 2019 Order. (Doc. 72). Shortly thereafter, Montalban filed a Notice of Appeal. (Doc. 74).

In the interim, Montalban filed two motions for leave to proceed in forma pauperis on appeal (Docs. 77 and 80), a motion to clarify a recent filing (Doc. 81), several motions to file additional exhibits/evidence in support of his motion for reconsideration (Doc. 83, 85, 86, 89, 93, 95 and 97), and a request for a status report (Doc. 98).

## II. Standard of Review

A motion for reconsideration may be granted if the movant establishes: (1) there has been an intervening change in controlling law; (2) new evidence has become available since the court decided the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Schumann v. Astrazeneca Pharm., L.P., 769 F.3d 837, 848-49 (3d Cir. 2014) (quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration may not be used to relitigate issues or present arguments that could have been raised earlier but were not. Blystone v. Horn, 664 F.3d 397, 416 (3d Cir. 2011) (citing Howard Hess Dental Lab., Inc. v. Dentasply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010)).

## III. Discussion

### A. Motion for Reconsideration

Montalban presents two arguments in his motion for reconsideration. First, he argues the discovery of "new evidence" demonstrating prison officials' interference in his ability to utilize the prison's administrative remedy process. Second, he asserts the Court erred by granting Defendants' motion for summary judgment after he presented material facts in dispute as to each of his claims. The Court will address each claim in turn.

A motion for reconsideration relying on the discovery of new evidence subsequent to the Court's initial order should only be granted if the party presenting the new evidence demonstrates that the new evidence would have changed the initial ruling. See Max's Seafood, 176 F.3d at 677. Here, Montalban claims the discovery of "new evidence" proves USP Coleman officials interfered with his receipt of administrative remedy responses critical to the exhaustion of his administrative remedies for two of his claims. (Doc. 72.) Montalban claims he received the "new" information on May 29, 2018. (Id.) Specifically, Montalban references documents related to two administrative remedies, 848748 (excessive use of force) and 848746 (loss of legal materials).[2] He asserts the new evidence demonstrates that prison officials reviewed his administrative remedies on "the merits" when "reject[ing]" them and that he never received copies of the rejection notices due to interference with his mail. (Id. at 5.)

---

[2] Montalban does not argue the discovery of new evidence relevant to his medical claim.

4

First, assuming for the purpose of this argument only, if Montalban discovered "new evidence" on May 29, 2018, he should have promptly submitted it to the Court. Montalban submitted numerous "supplements" to his original opposition brief, including one dated May 4, 2018. See Doc. 64 (filed 05/09/18). Second, the Bureau of Prison's Administrative Remedy Program allows for an inmate to proceed to the next level of the grievance process if he does not receive a timely response. Thus, the alleged lack of a final response from Central Office, if true, would not have prevented Montalban from filing a timely lawsuit which may, or may not, have been susceptible to an exhaustion challenge. Additionally, although Montalban states he previously never received these documents until May 2018, is undercut by his admission that in late May or early June 2016, he refused to accept administrative remedy responses from the Southeast Region, Central Office, and the Northeast Regional because staff delivered them in an opened envelope. (Doc. 19 at 45-49). Nonetheless, Montalban's "newly discovered" evidence would not change the outcome of the Court's January 2019 Order with respect to his excessive use of force claim. As previously noted, "[t]he undisputed record … confirms that Montalban did not file an administrative remedy concerning his excessive use of force … claim[ ] prior to January 2016, more than a year after the statute of limitations expired. Thus, they do not provide any tolling benefit to Montalban." (Doc. 67 at 19). The limitations period ran continuously from the December 28, 2012 accrual date. Any exhaustion of remedies which occurs after the statute of limitations has already expired does not revive or reset the limitations period. Montalban does not present any evidence that he filed a timely administrative remedy concerning his excessive use of force claim or that prison officials impeded his ability to

5

timely do so that would impact the tolling of the limitations period. The "new evidence" does not demonstrate that prison officials accepted any of his administrative remedies concerning the events of December 2012 as timely filed, addressed on the merits, or otherwise considered "properly filed" in compliance with the prison's administrative remedy program. Turning to his loss of property claim, again the "new evidence" Montalban presents in his motion for reconsideration is not helpful for the purposes of tolling the limitations period. Even if Montalban did not receive response to 848746-A1 on May 10, 2016, he simply ignores the fact that prison officials rejected an earlier administrative remedy, 840409-F2, as untimely because it was not filed within 20 days of the July 2014 incident. See Doc. 46-1 at 16 (Remedy 840409-F2 rejected as untimely 11/05/15). Montalban never pursued that remedy further, rather he filed a second administrative remedy on the same issue, 848746-A1. Finally, it is inappropriate for Montalban to reargue in a motion for reconsideration, without more, that his mental and/or physical incapacitation prevented him from filing a timely administrative remedy concerning the assault or his loss of legal property claim as he presented those arguments in his opposition to the Defendants' motion for summary judgement. The Court previously rejected these claims of tolling as they were unsupported by the record. See Doc. 67 at n. 9. Moreover, the time between the two discrete and independent events, and the parties involved, do not demonstrate a continuing violation as Montalban suggests for the purpose of extending the statute of limitations for these claims. See Randall v. City of Philadelphia Law Dep't, 919 F.3d 196, 198 (3d Cir. 2019).

Next, among other documents Montalban provides the Court, he presents a copy of the United States Court of Appeals for the Eleventh Circuit opinion granting him permission to proceed in forma pauperis on appeal. A Florida district court, on a motion to dismiss based on exhaustion, dismissed his claims against USP Coleman officials. The Eleventh Circuit held his appeal was non-frivoulous because "taking Mr. Montalban's version of the facts as true, his appeal raises nonfrivolous questions about whether unexhausted administrative remedies were available to him." (Doc. 83 at 10.) That decision does not parallel the issues presented in this case. More importantly, the standard of review of this Court and the Eleventh Circuit when addressing Montalban's exhaustion claims are not the same. The Florida district court resolve the exhaustion issue on a motion to dismiss, where it was required to accept Montalban's version of the facts as true. This Court addressed the statute of limitations issue, and in turn, Montalban's possible extension of the limitations period due to his exhaustion of administrative remedies, on summary judgment. On summary judgment, once defendants demonstrated that Montalban failed to exhaust his "on-the-books remedies" then "the inmate plaintiff bears the onus of producing evidence that the on-the-books remedies were in fact unavailable to him or her." West v. Emig, 787 F. App'x 812, 814 (3d Cir. 2019) (non-precedential). He did not meet his burden on summary judgment. Thus, there was no tolling of the limitations period based on his administrative remedy efforts.

Finally, Montalban suggests the Court erred by not reaching the merits of his excessive use of force and deliberate indifference claims or find that there was a triable dispute of fact when granting Defendants' summary judgment motion. (Id. at 8.) As noted

7

in the Court's original order, because Montalban's claims were time barred, the Court did not need to reach the merits of his claims.

### B. Montalban's Other Pending Motions

The Court now addresses Montalban's other pending motions <u>seriatim</u>.

Montalban's motions for leave to proceed <u>in forma pauperis</u> on appeal (Docs. 77 and 80) will be denied as moot as the Third Circuit Court of Appeals granted him <u>in forma pauperis</u> standing on April 15, 2019. <u>See</u> Doc. 79.

Montalban's Motion for Clarification (Doc. 81) seeks to explain why he filed a Notice of Appeal prior to awaiting a decision on his motion for reconsideration. The motion will be denied as moot based on the Court's decision today resolving his motion for reconsideration.

Next, Montalban filed several motions to supplement his arguments and exhibits in support of his motion for reconsideration. <u>See</u> Docs. 83, 86, 89, 93, 95 and 97. As the Court considered these documents when resolving his motion for reconsideration, these motions will be granted. However, the additional documents do not alter our January 2019 decision granting Defendants' motion for summary judgment based on Montalban's failure to file a timely complaint.

**IV.  Conclusion**

To the extent that Montalban seeks reconsideration of the Court's determination that his claims are barred by the applicable statute of limitations without exception.  Montalban fails to provide any new evidence to demonstrate that he is entitled to tolling of the applicable statute of limitations as to any of the claim he raised in his Amended Complaint prior to the expiration of the limitations period or based on the prison official's acceptance of any of his administrative remedies as properly filed out-of-time or their alleged interreference in the administrative remedy process.  Accordingly, his motion for reconsideration will be denied because he fails to satisfy the threshold for granting such relief.

An appropriate order follows.

                                                **BY THE COURT:**

**Dated:  January 14, 2020**          **s/James M. Munley**
                                             **JUDGE JAMES M. MUNLEY**
                                             **United States District Court**